UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMF BRUNS AMERICA, L.P., | ) | CASE NO. 5:23-cv-1634 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| VANTAGE MOBILITY | ) | |
| INTERNATIONAL, L.L.C., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion for partial judgment on the pleadings and partial summary judgment of plaintiff AMF Bruns America, L.P. ("AMF"). (Doc. No. 26 (Motion).) Defendant Vantage Mobility International, L.L.C. ("VMI") did not file an opposition. For the reasons discussed herein, the motion is GRANTED as it relates to liability, DENIED as it relates to VMI's mitigation defense.

I. BACKGROUND

AMF filed its original complaint on August 23, 2023 (Doc. No. 1 (Original Complaint)) and filed an amended complaint on August 28, 2023. (Doc. No. 5 (Amended Complaint).) In the amended complaint, AMF alleges that it entered into a series of contracts with VMI for the production and delivery of "specialized equipment" for "wheelchair securement systems for the safe transportation of people with limited mobility[.]" (*Id*. ¶¶ 1, 18.) AMF alleges that the parties' transactions followed a straightforward pattern: VMI sent purchase orders to AMF, AMF responded with a corresponding sales order, the products were manufactured and shipped (or, at a minimum, materials were purchased for those orders), AMF provided an invoice, and VMI was

obligated to pay within thirty days. (*Id.* ¶¶ 15–23.) Over the course of roughly nine months, VMI ordered "thousands of products from AMF[,]" seemingly without issue. (*Id.* ¶¶ 15, 19.)

Then VMI stopped paying. (*Id.* ¶ 24.) It admits as much. (Doc. No. 8 (Answer) ¶ 24 (admitting it failed to pay AMF, but contesting "the total amount of damages" requested by the amended complaint).) For a time, AMF continued to ship products to VMI despite its non-payment. (*Compare* Doc. No. 5 ¶¶ 29–30 (alleging VMI's first missed payment was on February 19, 2022) *with id.* ¶¶ 45, 47, 51, 53 (alleging AMF shipped products to VMI for purchase orders it received on May 13, 2022).) When VMI's debts continued to go unpaid, however, AMF stopped shipping orders and retained the materials it purchased for those orders. (*Id.* ¶¶ 66–67.) As of July 6, 2023, AMF alleges that it has not been paid for an enumerated list of products it shipped and for materials that it purchased for VMI's open purchase orders.[1] (*Id.* ¶¶ 24, 67.) Additionally, AMF alleges that it could not "resell or repurpose this product without significant effort and expense, and an unlikely return on that investment." (Doc. No. 26-1, at 9.) Whether AMF took any remedial action for the non-shipped goods is unclear at this stage of the proceedings. (*See generally id.*)

On April 4, 2024, AMF filed two related motions. AMF filed the present motion, which seeks partial judgment on the pleadings establishing VMI's liability for products AMF has already shipped to VMI and partial summary judgment foreclosing VMI from raising its mitigation defense

---

[1] The terms of sale, which AMF claims each VMI order is subject to (Doc. No. 5 ¶ 18), contains a limitations provision requiring that "[a]ny action for . . . breach of contract . . . must be commenced within one (1) year after the cause of action has accrued[.]" (Doc. No. 1-1 (Terms of Sale), at 4.) Under Ohio law, limitation provisions within contracts for the sale of goods that are not less than year are generally permissible. *See* Ohio Rev. Code § 1302.98(A). Further, a breach of contract cause of action "accrues when the breach occurs[.]" Ohio Rev. Code § 1302.98(B). VMI did not raise the contractual limitations period as an affirmative defense in its answer. (*See generally* Doc. No. 8.) And it did not raise this argument, or any argument, in opposition to AMF's present motion. Given the lack of notice provide to AMF regarding any timeliness concerns, the Court will not consider this argument *sua sponte*. *Cf. Annette v. Haslam*, No. 3:18-cv-1299, 2020 WL 2520512, at *2 (M.D. Tenn. May 18, 2020) (citation omitted) ("[A]lthough a statute of limitations defense is an affirmative defense that ordinarily must be raised by a defendant, the defense may nonetheless be raised *sua sponte* by the Court in circumstances when it clearly applies and when the plaintiff is put on notice that the timeliness of his or her claims is at issue.").

in future proceedings.² (Doc. No. 26.) The other motion filed by AMF sought for the first motion to be considered earlier than originally outlined in the case management plan trial order (Doc. No. 12) and with an expedited briefing schedule. (Doc. No. 25 (Scheduling Motion).) VMI filed a response to AMF's scheduling motion, not opposing the Court's proposed expedited briefing schedule. (Doc. No. 27.) As stated above, VMI did not file an opposition to AMF's motion for partial judgment on the pleadings and partial summary judgment. The matter is now ripe for the Court's consideration.

## II. STANDARD OF REVIEW

Beginning with the portion of AMF's motion seeking judgment on the pleadings, under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed— but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)). "[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011) (citation omitted).

"A complaint need not contain 'detailed factual allegations.' But it must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *LM Ins. Corp. v. Criss for Estate of Szuhay*, 716 F. App'x 530, 533 (6th Cir. 2017) (first quoting *Bell Atl.*

---

² Although not explicitly stated in AMF's motion, it appears that one purchase order (70176124) was partially shipped to VMI (Doc. No. 5 ¶¶ 41–44 (detailing the shipped parts of the order)) and partially withheld. (Doc. No. 26, at 1 (listing purchase order 70176124 as one of the three purchase orders for which it withheld shipment).) All other purchase orders appear to have been shipped or withheld in full. For the rest of the memorandum opinion and order, when the Court refers to the shipped portion of purchase order 70176124, it will specifically note it. The other, general, references to purchase order 70176124 refer solely to the withheld portion.

*Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and then *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Mere labels . . . are not enough[.]" *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017). The Court also "need not accept legal conclusions in the complaint as being true[,]" *Eye Ctrs. of Am., LLC v. Series Protected Cell 1, a Series of Oxford Ins. Co. TN, LLC*, No. 22-5138, 2022 WL 13983763, at *2 (6th Cir. Oct. 24, 2022) (citing *Bates v. Green Farms Condo. Assoc.*, 958 F.3d 470, 480 (6th Cir. 2020)), unless the complaint has "supported [them] with enough pleaded facts[.]" *Bates*, 958 F.3d at 480. Nor should a court accept as true "a legal conclusion couched as a factual allegation." *Rondigo, L.L.C. v. Town of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence . . . , its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984).

As for the portion of AMF's motion seeking summary judgment, under Fed. R. Civ. P. 56(a), when a motion for summary judgment is properly made and supported, it shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

4

Fed. R. Civ. P. 56(c)(1).

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine dispute of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943–44 (6th Cir. 1990), *impliedly overruled on other grounds by Salve Regina Coll. v. Russell*, 499 U.S. 225, 111 S. Ct. 1217, 113 L. Ed. 2d 190 (1991). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Determining whether a factual dispute is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict[.]" *Id*. at 252.

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (noting that summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an essential element of that party's case and on which that party will bear the burden of proof at trial). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. Nat'l*

*Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (citation omitted). Rule 56 further provides that "[t]he court need consider only" the materials cited in the parties' briefs. Fed. R. Civ. P. 56(c)(3); s*ee also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989) ("The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine [dispute] of material fact.") (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)).

Under this standard, "the mere existence of *some* factual dispute will not frustrate an otherwise proper summary judgment motion." *Dunigan v. Noble*, 390 F.3d 486, 491 (6th Cir. 2004) (citing *Anderson*, 477 U.S. at 247–48) (quotation marks omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248 (citation omitted).

According to the amended complaint, the parties' transactions were governed by AMF's terms of sale (Doc. No. 5 ¶ 18), which requires the application of Ohio law. (Doc. No. 1-1 (Terms of Sale), at 5; *see also* Doc. No. 26-1, at 3 n.2.)

Finally, the VMI's lack of an opposition does not mandate ruling in AMF's favor. As has been stated by other courts within the Sixth Circuit:

> '[W]hen faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden.' *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 381 (6th Cir. 2011) ('[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.' (quoting *Carver v. Bunch*, 946 F.2d 451, 454 55 (6th Cir. 1991))).

6

> Nonetheless, when a motion for summary judgment is unopposed, '[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record.' *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). 'The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact.' *Jones v. Kimberly Clark Corp.*, 238 F.3d 421 (6th Cir. 2000).

*Knizer v. Costco Wholesale Corp.*, No. 1:20-cv-2776, 2022 WL 204926, at *2 (N.D. Ohio Jan. 24, 2022) (quoting *Din Malik v. Landstar Express Am.*, No. 20-cv-12229, 2021 WL 6063647, at *3 (E.D. Mich. Dec. 22, 2021)).

## III. DISCUSSION

AMF has established VMI's liability for the products AMF shipped pursuant to the following purchase orders: 70173536, 70174029, 70175056, 70176124, 70177548, and 70177549. (*See* Doc. No. 26-1, at 6.) Similarly, AMF has established that VMI breached the two contracts established by purchase orders 70176571 and 70182209, and the unshipped portion of 70176124. (Doc. No. 26, at 1.) At this stage, AMF has chosen not to establish the damages associated with VMI's breach of these contracts. The Court will first discuss VMI's liability and then turn to damages.

### A. Liability For Contracts Formed Pursuant to Enumerated Purchase Orders

In its motion for partial judgment on the pleadings, AMF contends that its allegations in the amended complaint, combined with VMI's answers to those allegations, establish that contracts existed between the parties and that VMI breached those contracts. (Doc. No. 26-1, at 6.) AMF is correct. As such, this part of its motion is GRANTED.

Under Ohio law,[3] a "breach of contract claim has four elements: 'the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.'

---

[3] According to the amended complaint, the parties' transactions were governed by AMF's terms of sale (Doc. No. 5 ¶ 18), which requires the application of Ohio law. (Doc. No. 1-1, at 5; *see also* Doc. No. 26-1, at 3 n.2.)

7

*New Lansing Gardens Hous. Ltd. P'ship v. Columbus Metro. Hous. Auth.*, 46 F.4th 514, 520 (6th Cir. 2022) (quoting *Savedoff v. Access Grp., Inc.*, 524 F.3d 754, 762 (6th Cir. 2008)) (further citation omitted). As to the first requirement, the "essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." *Marchbanks v. Ice House Ventures, L.L.C.*, 219 N.E.3d 933, 939 (Ohio 2023) (quotation marks and citations omitted).

Here, there were valid contracts between the parties, which VMI breached by failing to tender payment to AMF. First, the parties had a series of contracts. (*See* Doc. No. 26-1, at 4.) The contracting process began when VMI sent a "sufficiently detailed" purchase order to AMF, which served as an offer. *See Babcock & Wilcox Co. v. Hitachi Am., Ltd.*, 406 F. Supp. 2d 819, 827 (N.D. Ohio 2005) (citing *TLG Electronics, Inc. v. Newcome Corp.*, No. 01AP–821, 2002 WL 338203, at *2 (Ohio Ct. App. Mar. 5, 2002)). The terms within the purchase order included a "description of the product, price, quantity, and terms of payment[.]" *Dyno Constr. Co. v. McWane, Inc.*, 198 F.3d 567, 572 (6th Cir. 1999); (*see* Doc. No. 1-2, at 2 (an example of a purchase order from VMI to AMF with all of the terms listed above).) AMF accepted the offer for each of the relevant purchase orders by issuing a corresponding sales order document, which represented a "manifestation of assent by the offeree[.]" *N. Side Bank & Tr. Co. v. Trinity Aviation*, *LLC*, 153 N.E.3d 889, 896 (Ohio Ct. App. 2020) (citation omitted); (*see* Doc. No. 1-3, at 3 (an example of a sales order issued by AMF to VMI).) These communications amounted to an exchange of consideration (*i.e.*, AMF's promise to provide the listed product(s) and VMI's promise to provide payment) and formed a series of contracts between the parties. VMI's answers to AMF's factual allegations concede this point. (Doc. No. 8 ¶ 16 (VMI admitting that it issued purchase orders to AMF); *id.* ¶ 17 (VMI admitting that it received corresponding sales orders from AMF).)

Second, AMF performed its obligations under the contract. For the vast majority of the

purchase orders, and associated contracts, AMF fulfilled its obligations by shipping the products to VMI, which VMI concedes to in its answer. (*See id.* ¶ 27 (70173536); *id.* ¶ 33 (70174029); *id.* ¶ 37 (70175056); *id.* ¶ 43 (70176124); *id.* ¶ 47 (70177548); *id.* ¶ 47 (7017759); *id.* ¶ 53 (70177548).) For the remaining contracts, which are based off purchase orders 70176571 and 70182209, while AMF produced the products in accordance with the purchase orders, it did not ship them to VMI because of VMI's previous failures to perform its contract obligations. (*See* Doc. No. 5 ¶¶ 63, 65.) Given these circumstances, AMF was not required to keep shipping products in order to establish VMI's liability for those contracts. *See* Ohio Rev. Code § 1302.76(A) (allowing a seller to "refuse delivery" upon discovering a buyer's insolvency); Ohio Rev. Code § 1301.201(A)(23) (defining "insolvent" as, among other things, "[h]aving generally ceased to pay debts in the ordinary course of business other than as a result of a bona fide dispute"). Thus, the second element of AMF's breach of contract claim is satisfied for these contracts as well.

Third, VMI failed to perform its obligations under these contracts by failing to pay AMF. Not paying for contracted goods or services, without legal excuse, amounts to a failure to perform. *See, e.g.*, *Perdue v. Jamison*, No. 28324, 2019 WL 5856669, at *9 (Ohio Ct. App. Nov. 8, 2019). VMI admits it did not pay AMF within 30 days of receiving invoices for purchase orders 70173536 (Doc. No. 8 ¶ 30); 70174029 (*id.* ¶ 34); 70175056 (*id.* ¶ 40); 70177548 (*id.* ¶ 50); 70177549 (*id.* ¶ 56); and part of 70176124. (*Id.* ¶ 44.) VMI's admissions satisfy the third prong of AMF's breach of contract claim for these contracts.

Fourth, and finally, AMF was damaged, to a yet unestablished extent, by VMI's lack of payment. At a minimum, AMF spent money acquiring materials for the contracts it had with VMI. (*See, e.g.*, Doc. No. 5 ¶ 67 (alleging that AMF purchased over $280,000 of materials for the open purchase orders).) In addition to the cost of purchasing materials, AMF also expended money for manufacturing and shipping the finalized products for many of these contracts. (*See id.* ¶¶ 24–56.)

9

This is sufficient to establish the third prong of AMF's breach of contract claim for these contracts.

Taken together, AMF has adequately shown that, as a matter of law, VMI is liable for breaching the contracts formed pursuant to these purchase orders. Thus, AMF's motion is GRANTED as it relates to VMI's liability, over both the products AMF shipped to VMI and the physical items AMF retains specifically for VMI's open purchase orders 70176571, 70176124, and 70182209. (Doc. No. 5 ¶ 67.)

### B. Mitigation Defense and AMF's Motion for Partial Summary Judgment

With VMI's liability established, the sole remaining issue relates to damages. As noted previously, AMF does not seek to establish damages through its present motion. (*See generally* Doc. No. 26-1.) At no point in its motion does AMF request a specific dollar amount in damages on any particular contract that VMI breached. (*Id.*) Nor was AMF required to establish its damages at this stage in the proceedings. *See* Fed. R. Civ. Pro. 56(a); *see also Crawford v. Nat'l Lead Co.*, 784 F. Supp. 439, 442 (S.D. Ohio 1989) (citation omitted) ("[S]ummary judgment may be granted on the issue of liability alone although there is a genuine issue as to the amount of damages."); *Kettering Adventist Healthcare v. Jade Designs, LLC*, 677 F. Supp. 3d 735, 752 (S.D. Ohio 2023) (granting a motion for summary judgment for breach of contract liability, but "defer[ring] judgment on damages to a later time"). Instead, AMF seeks a ruling that there is "no material issue of fact on VMI's mitigation defense" for the physical items AMF retains related to purchase orders 70176571, 70176124, and 70182209. (Doc. No. 26-1, at 6.) Granting this part of AMF's motion would prevent VMI from raising this defense in future proceedings.

The sole piece of evidence submitted by AMF—a declaration by Michael Rhodes (Doc. No. 26-2 (Rhodes's Declaration))—is not competent evidence and will not be considered by the Court. Fed. R. Civ. P. 56(c)(4) permits the consideration of declarations for summary judgment motions, but "the declaration must comply with 28 U.S.C. § 1746." *Milczak v. Gen. Motors, LLC*,

10

No. 23-1462, 2024 WL 2287687, at *3 (6th Cir. May 21, 2024). That statutory provision requires declarants to "(1) sign the declaration, (2) declare its contents as true, (3) swear under the penalty of perjury, and (4) provide a date." *Id.* (citing *Bonds v. Cox*, 20 F.3d 697, 702 (6th Cir. 1994)). If the statement fails to comply with the statutory requirements of 28 U.S.C. § 1746, it "is not competent summary-judgment evidence." *Rogers v. Henry Ford Health Sys.*, 897 F.3d 763, 767 n.1 (6th Cir. 2018); *see also Worthy v. Michigan Bell Tel. Co.*, 472 F. App'x 342, 344 (6th Cir. 2012) (citation omitted) ("Statements that are not sworn [within a compliant affidavit or in compliance with 28 U.S.C. § 1746] are not competent summary judgment evidence.")

Rhodes's declaration fails to satisfy the second and third statutory requirements. The first paragraph of Rhodes's declaration states "[a]ll the matters contained herein are from my personal knowledge, and *if* called and sworn in open court to testify to the veracity thereof, I could testify competently thereto." (Doc. No. 26-2 ¶ 1 (emphasis added).) This statement—essentially a promise to be "sworn in open court" in the future—does not amount to swearing under the penalty of perjury and Rhodes's declaration fails to satisfy the third requirement of 28 U.S.C. § 1746. *See, e.g.*, *Simon v. Mun. Consol. Dispatch*, No. 21-cv-1678, 2023 WL 2915619, at *5 (N.D. Ill. Apr. 12, 2023) (finding a declaration "inadequate" where the "plaintiff made her statements 'being first duly sworn on my oath,' and 'depose[s] and state[s]' that 'if called to testify would testify to the following[.]'"). Further, the declaration never states that its contents are true and correct. This fails the fourth requirement of 28 U.S.C. § 1746. In light of these two deficiencies, the Court will not consider Rhodes's declaration for the present motion.

With the Rhodes's declaration removed, AMF's motion for partial summary judgment cites to no competent evidence to establish that it did not fail to fulfill its duty to mitigate damages. When a party moves for summary judgment, it "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings,

11

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotation marks and citations omitted). Only after the movant's initial responsibility is satisfied does the burden "shift[] to the non-moving party to offer 'significant probative evidence tending to support the complaint.'" *Barlia v. MWI Veterinary Supply, Inc.*, 721 F. App'x 439, 444 (6th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). If the movant never satisfies their initial burden, their motion is properly denied, and the burden does not shift to the nonmovant. *See id*. This remains true even "if an adverse party fails to respond." *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991) (citations omitted).

Here, AMF—as the movant—bears the "initial responsibility" to "demonstrate the absence of a genuine dispute of material fact" as to its allegedly adequate fulfillment of its duty to mitigate damages. Without submitting any competent evidence to support its motion for partial summary judgment, AMF failed to carry its burden. *See, e.g.*, *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675–76 (6th Cir. 2013) (reversing summary judgment because "the [a]ffidavit—the only evidence cited in support of [d]efendants' [affirmative] defense—is absent, leaving only Defendants' bald assertion that the [affirmative defense] applied.") In *Byrne*, the movant was seeking to assert an affirmative defense on a motion for summary judgment, whereas here AMF seeks to negate an affirmative defense on a motion for summary judgment. *See id*. Nonetheless, the burden remained the same (*i.e.*, with the movant) and the result is the same too: without any competent evidence to support its motion for partial summary judgment, AMF's contentions are merely "bald assertions." As such, the Court DENIES this portion of AMF's motion.

AMF's motion presents two alternative legal theories for its mitigation arguments. Both theories fall short. First, AMF contends that VMI carried the burden to prove the validity of its

12

affirmative defense in this posture. (*See* Doc. No. 26-1, at 7 ("The failure to mitigate damages is an affirmative defense under Ohio law, meaning that VMI has the burden of proof.").) The sole case AMF provides to support this assertion, *Ladd v. Planchak*, No. 29830, 2024 WL 57037, at *18 (Ohio Ct. App. Jan. 5, 2024), is inapposite. *Ladd* was an appellate decision providing the standard for proving affirmative defenses *at trial*, whereas AMF moves to negate an affirmative defense on summary judgment. *See id.* at *3 (discussing the jury trial for that case). Given the different procedural posture of this case, the *Ladd* standard provides no assistance to AMF. As the movant, AMF maintained the burden and it failed to satisfy it for the reasons discussed above.[4]

Second, AMF goes a step further and claims that there are some circumstances, presumably like the present one, where a seller has no duty to mitigate its damages. (Doc. No. 26-1, at 8 ("A seller does not have a duty to mitigate when 'the effort to do so would have been unreasonable.'") (quoting *Potter Fur & Roots, Inc. v. Potter Grp. Worldwide, Inc.*, No. 2005–P–0101, 2006 WL 2336940, at *4 (Ohio Ct. App. Aug. 11, 2006)).) In *Potter Fur*, the seller, who was the injured party, provided the goods in question to the buyer, who then shipped the goods from Ohio to China. *See* 2006 WL 2336940 at *1–2. Under the terms of the parties' contract, the seller fulfilled all of its obligations as soon as it provided the goods, in Ohio, to the buyer, although the sellers would not receive payment until some point after the buyer resold the products. *Id*. After the goods arrived

---

[4] Because AMF fails to meet its initial burden, VMI's lack of opposition is immaterial to the analysis. In this way, the present case is distinguishable from Sixth Circuit cases holding that "[nonmovants] need[] to present and point to evidence that affirmatively demonstrate[s] [the movants'] mitigation efforts were not reasonable." *Franklin Am. Mortg. Co. v. Univ. Nat'l Bank of Lawrence*, 910 F.3d 270, 284 (6th Cir. 2018). In *Franklin*, the movant sold a set of loans, at a significant discount, after the nonmovant failed to repurchase the set of loans, which was in violation of a contract between the parties. *Id*. at 275. When the movant brought suit, and later moved for summary judgment, the nonmovant objected, without evidence, claiming that the movant's mitigation efforts (*i.e.*, the loan sale process) were insufficient. *Id*. at 284. Because the movant met its initial burden by reselling the loans, and submitting competent evidence to verify the resell, the burden shifted to the nonmovant, who needed evidence to meet their burden to show that such efforts were not reasonable. *See id*. AMF, the movant in this case, has not submitted any competent evidence to the Court, including evidence related to its mitigation efforts. As such, this case is distinguishable from *Franklin*, and other similar cases, because the movant has not put forward any evidence of mitigation (or why there are no reasonable mitigation efforts that can be pursued) and the burden did not shift.

in China, the buyer claimed demand was "abnormally low" and attempted to modify the terms of the parties' contract three times, only two of which are relevant here. *Id.* at \*2. The buyer first requested for the seller to pay over $40,000 to repurpose the goods into a more specialized product, which the seller rejected. *Id.* Next, the buyer requested a lower payment price for a sub-set of the contracted goods; the seller rejected this offer as well. *Id.* It was in this particular context (*i.e.*, an injured seller having already completed its contractual obligations and the buyer in possession of the contracted goods) that the Ohio Court of Appeals found that the injured seller had "no duty to mitigate its damages[.]" *See also id.* at \*4 ("[The contracted goods] were the property of [the buyer], [the seller] was without any means to mitigate. [The buyer] had the [contracted goods].")

Given AMF's allegations, *Potter Fur* is inapplicable here. According to the amended complaint and AMF's motion, AMF retains possession of the items in question. (Doc. No. 26-1, at 7; Doc. No. 5 ¶ 66.) Unlike the seller in *Potter Fur*, who delivered the goods to the buyer and had no control over them thereafter, AMF controls the unshipped items. (Doc. No. 5 ¶ 66.) This control comes with the potential ability for AMF to mitigate its damages, *i.e.*, to resell, repurpose, return, or salvage the unshipped items. Thus, to the extent that there may be some circumstances under Ohio law where a seller has no duty to mitigate its damages, AMF has not put forth competent evidence to demonstrate that it has no duty to mitigate.

Instead, it remains a factual question as to whether any "reasonable affirmative action" could have be taken by AMF. *See First Fin. Bank, N.A. v. Cooper*, 67 N.E.3d 140, 146 (Ohio Ct. App. 2016) ("Whether an injured party used reasonable care to avoid damages presents a question of fact."). Given the lack of competent evidence submitted to the Court, it is not clear what conduct would, or would not, have been reasonable here. AMF has not established the absence of a genuine issue of material fact related to the adequacy of its mitigation efforts for the unshipped items.

14

## IV.  CONCLUSION

For the reasons set forth herein, AMF's motion (Doc. No. 26) is GRANTED IN PART AND DENIED IN PART. The Court GRANTS AMF's motion as it relates to establishing VMI's liability for breach of contract and DENIES AMF's motion as it relates to negating VMI's affirmative defense.

**IT IS SO ORDERED**.

Dated: May 31, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**